IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORTNEY HORNE, on behalf of himself and all others similarly situated, | : : : | C.A. No. ___ |
| Plaintiff | : : | |
| v. | : : | Class Action |
| CITY OF READING, | : | |
| Defendant | : | |

**COMPLAINT**

**INTRODUCTION**

1.      Plaintiff, Cortney Horne, brings this lawsuit against the City of Reading to ensure that the City of Reading's Fire Department ("Fire Department") is operated in accordance with laws requiring non-discrimination in hiring.  Presently, the Fire Department is comprised of approximately 147 full-time, uniformed employees, but no African Americans and fewer than five Hispanics.  In the City of Reading, 11% of the population is African American and 37% is Hispanic.  Thus, the Fire Department is virtually all-White in a City with one of the Commonwealth's most racially and ethnically diverse populations.  Plaintiff submits that these profound statistical disparities are the result of discriminatory recruitment, application, and hiring practices implemented and maintained by the City.

2.      The Fire Department recruitment, application, and hiring practices constitute illegal discrimination under Title VII of the Civil Rights Act of 1964, see 42 U.S.C. §2000e, et seq., the Equal Protection Clause of the Fourteenth Amendment, and 42 U.S.C. §§1981 and 1983. Plaintiff seeks declaratory relief and an injunction prohibiting the City from continuing its

discriminatory practices and requiring the City to implement new practices that conform to federal law.

**ADMINISTRATIVE PROCEEDINGS**

3.  On November 19, 2004, Plaintiff dual-filed with the Equal Employment Opportunity commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") a charge alleging that the Reading Fire Department's recruitment, application, and hiring practices violate Title VII of the Civil Rights Act of 1964 ("Title VII"), see 42 U.S.C.§2000e, et seq., under both disparate treatment and disparate impact theories of liability.

4.  On September 15, 2005, the EEOC issued a right-to-sue letter permitting Plaintiff to pursue its Title VII claims in this Court. See Exhibit A.

**JURISDICTION AND VENUE**

5.  This Court has jurisdiction over Plaintiffs' claims under 28 U.S.C.§ 1331.

6.  Venue in this Court is proper under 28 U.S. C. §1391(b).

**PARTIES**

7.  Plaintiff Cortney Horne ("Plaintiff") is an African American resident of Reading, Pennsylvania who has sought employment in the Reading Fire Department and who currently desires employment as a firefighter in that Department.

8.  Defendant City of Reading ("Defendant" or "City") is a municipality existing pursuant to Pennsylvania law and having its principal place of business at Reading City Hall, Reading, Pennsylvania. Defendant provides fire and other emergency services to its residents through the Reading Fire Department.

9.  During all relevant times, Defendant acted under color of state law.

## CLASS ACTION ALLEGATIONS

10.     Plaintiff Horne seeks to maintain this action on behalf of himself and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.  Plaintiff Horne represents a class of African-American and Hispanic persons who are eligible for employment within the Fire Department.  The Plaintiff Class seeks declaratory and injunctive relief to remedy defendant's actions, policies and practices which caused, are causing, and will continue to cause statutory and constitutional violations.

11.     The requirements of Rules 23(a) and (b) are satisfied by this class action.  Upon information and belief, the Plaintiff Class consists of hundreds of individuals, thereby making joinder of all members impractical.

12.     There are questions of law and fact common to the class, and specifically, the legality and constitutionality of Defendants' practices, customs and policies.  Furthermore, the claims of Plaintiff are typical of the claims of the class and Plaintiff will fairly and adequately represent and protect the interests of the class.

13.     Plaintiff Horne is an adequate representative of the Plaintiff Class as he has sought employment in the Fire Department and is currently subject to defendant's pattern, practice and policy of unlawfully denying employment in the Fire Department on racially discriminatory grounds.  It is the existence of this pattern, practice and policy that gives rise to questions of law and fact common to all members of the plaintiff claiss.

14.     There is no pending litigation concerning these issues which would be disrupted by maintaining this matter as a class action, and this is the appropriate forum for this litigation.  Furthermore, Plaintiff is represented by experienced civil rights litigators of the law firms of

Kairys, Rudovsky, Epstein & Messing and Trujillo, Rodriguez & Richards, LLC. This representation will substantially reduce the burdens of the Court and litigants. Plaintiff's counsel have substantial experience litigating class action lawsuits in the federal court.

15. Defendants have acted or refused to act on grounds generally applicable to the Plaintiff Class, thereby making final injunctive and declaratory relief appropriate with respect to the class as a whole.

## FACTUAL ALLEGATIONS

16. Reading is a racially and ethnically diverse community. According to census figures, Reading's 2000 population consisted of 81,207 residents. Of these residents, 39,038 (48.1%) are White; 30,302 (37.3%) are Hispanic; and 8,799 (10.8%) are African American.

17. The 2000 census reveals that Reading's working age population consists of 56,913 adult residents. Of these adults, 32,052 (56.3%) are White; 17,278 (30.4%) are Hispanic; and 5,754 (10.1%) are African American. Upon information and belief, since the above data was compiled for the 2000 census, Reading minority population has grown beyond the 40% of the working age population then recorded.

18. The Defendant's Fire Department does not reflect Reading's racially diverse community. Of the Fire Department's 147 members there are no African Americans and fewer than 5 Hispanics.

19. Defendant has implemented and maintained Fire Department recruitment practices that have an adverse impact on actual and potential African American and Hispanic jobseekers. Moreover, these practices have been implemented and maintained because of their adverse effects on actual and potential African American and Hispanic jobseekers.

20. "[T]he use of recruiting procedures designed to attract members of a particular race, sex, or ethnic group, which were previously denied employment opportunities or which are currently underutilized, may be necessary to bring an employer into compliance with Federal Law . . . ." 29 CFR § 1907.2(c).

21. Defendant's efforts to recruit African Americans and Hispanic job applicants are insufficient. Defendant has failed to use minority recruitment practices that have been successfully utilized by municipalities with similar demographics.

22. Defendant has implemented and maintained recruitment practices whereby important information concerning the Fire Department recruitment, application, and hiring process is conveyed to potential applicants by "word-of-mouth" and through other informal means. By this process, friends and relatives of incumbent City and Fire Department employees – the great majority of whom are White – receive more information concerning the application/hiring process than is provided to African Americans and Hispanics.

23. Beyond recruitment, Defendant has implemented and maintained application and hiring practices that have an adverse impact on actual and potential African American and Hispanic jobseekers. Moreover, these practices have been implemented and maintained because of their adverse effects on actual and potential minority jobseekers.

24. On information and belief, Defendant engages in various discriminatory practices including, but not limited to, the following:

    a. Maintaining selection criteria, including, *inter alia*, written examinations, background investigations, and oral interviews that, both individually and in the aggregate, disqualify a disproportionate number of African American and Hispanic applicants and are not sufficiently job related to the position of Reading Firefighter to justify the discriminatory effect;

    b.    Maintaining unreliable and overly-subjective selection criteria, including, written examinations and oral interviews that, both individually and in the aggregate, are administered and interpreted in a manner that disadvantages African American and Hispanic job applicants;

    c.    Failing to give adequate weight to an applicant's minority status and/or City residence;

    d.    Failing to implement alternative selection criteria and procedures that would alleviate the discriminatory impact of the *status quo* and that are job related to the position of Reading Firefighter.

25. Plaintiff Horne is currently able and ready to become a Reading Firefighter, but the City's discriminatory recruitment, application, and hiring practices prevent him from competing for a this position on an equal footing with White candidates.

26. Plaintiff Horne has applied for employment as a Reading Firefighter two times, but has not been hired.

27. Plaintiff Horne is fully qualified to serve as a Reading firefighter, and he continues to desire to become a Reading Firefighter.

28. Defendant's recruitment, application, and hiring practices have adversely effected plaintiff Horne's ability to become a Reading Firefighter.

## LEGAL CLAIMS

### COUNT I

**Alleging Violations of Title VII Under
a Disparate Impact Theory of Liability**

32. Plaintiff repeats and reasserts the allegations set forth in all preceding paragraphs as though fully stated herein.

33. Title VII makes it illegal for an employer to "fail or refuse to hire or to discharge any

individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2(a)(1), or to "limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."*Id.* at § 2000e-2(a)(2).

34.  Title VII "proscribes not only overt discrimination but also practices that are fair in form, but discriminatory in operation." *Griggs v. Duke Power Co.*, 401 U.S. 424, 431 (1971). Title VII's "disparate impact theory of discrimination combats not intentional, obvious discriminatory policies, but a type of covert discrimination in which facially neutral practices are employed to exclude, unnecessarily and disparately, protected groups from employment opportunities." *Lanning v. Southeastern Pennsylvania Trans. Auth.*, 181 F.3d 478, 490 (3d Cir. 1999).

35.  Defendant is an employer covered by Title VII.

36.  Defendant's Fire Department recruitment, application, and hiring practices have a discriminatory impact on actual and potential African American and Hispanic jobseekers.

37.  Defendant's Fire Department recruitment, application, and hiring practices are not sufficiently job related and consistent with business necessity to legally justify the practices' discriminatory impact on actual and potential African American and Hispanic jobseekers.

38.  Based on the above, Defendant's Fire Department recruitment, application, and hiring practices violate Title VII under a disparate impact theory of liability.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)  Enter a declaratory judgment that the City's recruitment, application, and

        hiring practices violate Title VII;

(b) Enter an injunction prohibiting the City from engaging in future discriminatory conduct and requiring the City to implement new recruitment, application, and hiring practices that do not violate Title VII;

(c) Award Plaintiff all litigation costs, expenses, and attorney's fees recoverable under federal law; and

(d) Award such other and further relief as the Court deems just and proper.

## COUNT II

### Alleging Violations of Title VII Under a Disparate Treatment Theory of Liability

39.    Plaintiff repeats and reasserts the allegations set forth in all preceding paragraphs as though fully stated herein.

40.    Title VII makes it illegal for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2(a)(1), or to "limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." *Id.* at § 2000e-2(a)(2).

41.    Defendant is an employer covered by Title VII.

42.    Defendant has violated Title VII by implementing and maintaining Fire Department recruitment, application, and hiring practices with the intent of discriminating against actual and potential African American and Hispanic jobseekers.

43.    Defendant's Fire Department recruitment, application, and hiring practices violate Title

VII under a disparate treatment theory of liability.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) Enter a declaratory judgment that the City's Fire Department recruitment, application, and hiring practices violate Title VII;

(b) Enter an injunction prohibiting the City from engaging in future discriminatory conduct and requiring the City to implement new recruitment, application, and hiring practices that do not violate Title VII;

(c) Award Plaintiff all litigation costs, expenses, and attorney's fees recoverable under federal law; and

(d) Award such other and further relief as the Court deems just and proper.

## COUNT III

### Alleging Violations of the Fourteenth Amendment's Equal Protection Clause Pursuant to 42 U.S.C. § 1983

44. Plaintiff repeats and reasserts the allegations set forth in all preceding paragraphs as though fully stated herein.

45. The Equal Protection Clause of the Fourteenth Amendment, actionable pursuant to 42 U.S.C. § 1983, applies to municipal employers such as Defendant and prevents them from intentionally discriminating against racial and ethnic minorities with respect to the hiring of municipal employees.

46. Defendant has violated the Equal Protection Clause by implementing and maintaining Fire Department recruitment, application, and hiring practices with the intent of discriminating against actual and potential African American and Hispanic jobseekers.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) Enter a declaratory judgment that the City's recruitment, application, and hiring practices violate the Equal Protection Clause;

    (b)    Enter an injunction prohibiting the City from engaging in future discriminatory conduct and requiring the City to implement new recruitment, application, and hiring practices that do not violate the Equal Protection Clause;

    ( c)    Award Plaintiff all litigation costs, expenses, and attorney's fees recoverable under federal law; and

    (d)    Award such other and further relief as the Court deems just and proper.

## COUNT IV

### Alleging Violations of 42 U.S.C. § 1981

47.    Plaintiff repeats and reasserts the allegations set forth in all preceding paragraphs as though fully stated herein.

48.    42 U.S.C. § 1981 prohibits employers from intentionally discriminating against racial and ethnic minorities with respect to the hiring decisions.

49.    Defendant is an employer covered by 42 U.S.C. § 1981.

50.    Defendant has violated 42 U.S.C. § 1981 by implementing and maintaining Fire Department recruitment, application, and hiring practices with the intent of discriminating against actual and potential African American and Hispanic jobseekers.

    **WHEREFORE**, Plaintiff respectfully requests that the Court:

    (a)    Enter a declaratory judgment that the City's recruitment, application, and hiring practices violate 42 U.S.C. § 1981;

    (b)    Enter an injunction prohibiting the City from engaging in future discriminatory conduct and requiring the City to implement new recruitment, application, and hiring practices that do not violate § 1981;

    (c)    Award Plaintiff all litigation costs, expenses, and attorney's fees recoverable under federal law; and

    (d)    Award such other and further relief as the Court deems just and proper.


_____
David Rudovsky
I.D. No. 15168
Jonathan H. Feinberg
I.D. No. 88227

Kairys, Rudovsky, Epstein & Messing
924 Cherry Street, Suite 500
Philadelphia, PA 19107
(215) 925-4400



_____
Peter Winebrake
I.D. No. 80496
Andrew Santillo
I.D. No. 93041

Trujillo, Rodriguez & Richards, LLC
The Penthouse
226 W. Rittenhouse Square
Philadelphia, PA 19103
(215) 731-9004

Counsel for Plaintiff